CORNELLS & MUMFORD *vs.* C. STANHOPE & COMPANY.

A. doing business alone and indebted to B. on book account entered into partnership with C. and became the managing partner of the firm. B. was notified of the partnership, supplied the firm with goods, entered A.'s indebtedness on the statements of the firm's account, and received from A. at different times checks of the firm which were applied to A.'s indebtedness. No intentional concealment and no fraud appeared in the transaction. In *assumpsit* by B. against the firm:

*Held*, that B. was not entitled to apply the firm checks to A.'s debt.

*Held*, further, that the firm could not recover in set off the excess of the firm's checks over the firm's purchases.

*Held*, further, that the firm was entitled to the benefit of the misapplied fund in payment of B.'s claim against the firm.

The technical rule which prevents a copartnership from suing at law to recover funds misapplied by a partner should not be applied to defences further than is clearly required.

ASSUMPSIT.   Heard by the court, jury trial being waived.

The facts are stated in the opinion of the court.   The defendant firm was composed of Clarence Stanhope and Thomas W. Freeborn.

*February*, 10, 1883.   DURFEE, C. J.   This is *assumpsit* for $275.65 balance of account.   The defendants Stanhope and Freeborn pleaded the general issue, an account in set off for $399.13, and payment.   The case was tried to the court, jury trial being waived.   The defendants, it appeared, were copartners in business under the firm of C. Stanhope & Co. from May 1, 1880, to March 5, 1881.   Previously to this Stanhope had carried on the business alone, and had had dealings with the plaintiffs and was indebted to them, May 1, 1880, for merchandise bought for his business to the amount of several hundred dollars.   After the partnership was formed Stanhope still carried on the business as managing partner, Freeborn taking no active part in it.   The plaintiffs were informed of the partnership May 5, 1880.   They afterwards received numerous payments from Stanhope on account of his individual indebtment, the payments being made by checks drawn in the name of the .partnership and paid out of its funds.   These checks, along with a check for $41.55 drawn May 4, make up the account in set off.   Freeborn never assented to these payments and did not know of them until after the dissolution.   On the other hand it does not appear that there was any secrecy in the matter, or any fraudulent collusion between the plaintiffs and Stanhope, the balance due from Stanhope being always included in the account with the firm, which was rendered to the firm from time to time by the plaintiffs as a part of it.   Freeborn's ignorance apparently came from his not participating actively in the business.   The plaintiffs contend, this being so, that Freeborn must be held to be bound by the payments.   We do not think so. We think that the plaintiffs, being cognizant of the partnership and seeing that the checks were partnership checks, were put on inquiry, and therefore are chargeable with the knowledge which they would have got if they had prosecuted it.   Freeborn did

nothing to mislead them. They therefore acquired no right to the funds. The question is whether the defendant can get the benefit of them in this action.

It is well settled that where a partner wrongfully uses the partnership funds to pay his individual debts, the partnership cannot maintain an action at law for them, because the guilty partner is a necessary party plaintiff, and cannot be heard to allege his own default as a ground for recovery. *Jones* v. *Yates*, 4 M. & R. 613; 9 B. & C. 532; *Wallace* v. *Kelsall*, 7 M. & W. 264; *Gordon* v. *Ellis*, 7 M. & G. 607; *Greeley* v. *Wyeth*, 10 N. H. 15; *Homer* v. *Wood*, 11 Cush. 62; *Tay* v. *Ladd*, 15 Gray, 296; *Farley* v. *Lovell*, 103 Mass. 387. It follows that the defendants cannot recover in set off, the plea in set off being in effect nothing but an action by the defendants against the plaintiffs. Can the defendants have the benefit of the misapplied fund as payment? We think they can. The money which the plaintiffs received on the partnership checks remained in their hands the money of the partnership, and inasmuch as they continued in a course of dealing and accounting with the defendants, we think they may be required to credit it in account, just as if, in some one of their series of transactions, they had been overpaid by mistake, they might be required in a subsequent or final account to bring forward the over payment and credit it. This would certainly be allowable under a plea of equitable defence, and if necessary we would permit such a plea to be filed; but upon the whole we do not think it necessary. The rule which precludes the partnership from suing at law for funds so misappropriated is purely technical, and ought not to be applied to defences further than is clearly required. And see *Kendal* v. *Wood*, L. R. 6 Exch. 243; *Brewster* v. *Mott*, 5 Ill. 378; *Rogers* v. *Batchelor*, 12 Peters, 221, 230.

*Judgment for defendants for costs.*

*Dexter B. Potter & Samuel R. Honey*, for plaintiffs.
*James Tillinghast & Darius Baker*, for defendants.